IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-21-CR-00520-DCG |
| | § | |
| ALBERTO CASTILLO, | § | |
| | § | |
| Defendant. | § | |

**REPORT & RECOMMENDATION GRANTING GOVERNMENT'S MOTION TO DISQUALIFY DEFENSE COUNSEL**

On this day, the Court considered "Government's Ex Parte Motion Regareding [sic] Potential Conflict of Interest of Defense Counsel,"[1] sealed and filed in the above-captioned cause on June 24, 2021 (ECF No. 40) and "Government's Motion Regarding Conflict of Interest," sealed and filed on July 23, 2021 (ECF No. 48) (collectively "Motions"). The Court also considered "Defendant's Brief in Response to the Government's Motion to Disqualify Defense Counsel for a

---

[1] On June 24, 2021, an "Ex Parte Motion Hearing" was held in Courtroom No. 712, 7th Floor, United States Courthouse in El Paso, Texas. Assistant U.S. Attorney Susanna Martinez affirmed that "Government's Ex Parte Motion Regareding [sic] Potential Conflict of Interest of Defense Counsel" (ECF No. 40) should be construed as a "Motion to Disqualify" of Defendant's attorney, Arthur V. Werge. The Court ordered that Attorney Susanna Martinez refile a motion that includes: (1) specific legal standards and authority for a "Motion to Disqualify," and (2) reasons why this Court should consider any exhibits for filings *ex parte*, including the legal authority for the Court to be able to do so.

"Government's Motion Regarding Conflict of Interest" was timely filed as an attachment (ECF No. 43-1) to Government's "Motion for Leave to File Under Seal" (ECF No. 43) on June 30, 2021. However, the Government's "Motion for Leave to File Under Seal" (ECF No. 43) was granted retroactively. As a result, the actual filing of "Government's Motion Regarding Conflict of Interest" on the docket is dated July 23, 2021. (ECF No. 48).

The refiled "Government's Motion Regarding Conflict of Interest" (ECF No. 48) did not include reasons why the motion should be considered *ex parte*. In response, "Defendant's Brief in Response to the Government's Motion to Disqualify Defense Counsel for a Potential Conflict of Interest" was sealed and filed by Arthur V. Werge on July 7, 2021. (ECF No. 45).

1

Potential Conflict of Interest" ("Response"), sealed and filed on July 7, 2021. (ECF No. 45). Additionally, on July 23, 2021, the "Government's Supplemental Motion Regarding Conflict of Interest" ("Supplemental Motion")[2] was filed. (ECF No. 47). After due consideration, the Court **RECOMMENDS** that both Motions should be **GRANTED**.

## I. LEGAL BACKGROUND

"[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *U.S. v. Vasquez*, 995 F.2d 40, 41 (5th Cir. 1993) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)) (alteration in original). A district court "must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164; *see Vasquez*, 995 F.2d at 41. "The party seeking to disqualify an attorney bears the burden of proving that disqualification is warranted, and that burden is heavy." *Spears v. McCraw*, No. A-17-CA-1105-RP, 2020 WL 589538, at *2 (W.D. Tex. Feb. 5, 2020).

"Fifth Circuit precedent requires the court to consider several relevant ethical standards in determining whether there has been an ethical violation, such as the canons of ethics developed by the American Bar Association, the Texas Disciplinary Rules of Professional Conduct, where the attorneys at issue are practicing in Texas, and local court rules." *Id.* Rule 1.06 of the Texas

---

[2] After granting the Government's "Motion for Leave to File Under Seal" the Supplemental Motion (ECF No. 46) on July 23, 2021, the Court ordered that a hearing on the Government's Motions be held on Monday, July 26, 2021, in Courtroom No. 712, 7th Floor, United States Courthouse in El Paso, Texas. (ECF No. 49). All parties, including Defendant Alberto Castillo and his attorney, Arthur V. Werge, were ordered to be present. *Id.* During the hearing, the Court found there is a conflict of interest. (ECF No. 50).

Disciplinary Rules of Professional Conduct[3] covers the general rule for conflicts of interest. In addition to the professional conduct rules, the Fifth Circuit has also explained that a conflict arises when "counsel's allegiance to the accused [is] compromised by competing obligations owed to other clients." *Perillo v. Johnson*, 205 F.3d 775, 798 (5th Cir. 2000). "A conflict may exist by virtue of the fact that an attorney has confidential information that is helpful to one client but harmful to another." *Id*. A case where defense counsel is concurrently representing two adverse clients, including representing a potential witness testifying against one client, would pose a conflict of interest. *See U.S. v. Sanchez*, 546 F.3d 328, 333 (5th Cir. 2008) (explaining that district court did not abuse its discretion in disqualifying an attorney who was attempting to represent two brothers on trial as co-defendants, and also represented at least one witness who was attempting to obtain a sentence reduction). *See also U.S. v. Millsaps*, 157 F.3d 989, 996 (5th Cir. 1998) (reasoning that where defense counsel had previously represented a government witness in the case, "the potential for divided loyalties . . . was serious enough to justify the district court's exercise of discretion in disqualifying [defense counsel]" (emphasis omitted)).

"A district court faced with a possible conflict must ascertain whether the conflict warrants separate counsel." *Vasquez*, 995 F.2d at 42; *see Wheat*, 486 U.S. at 160. "A conflict of interest may prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of

---

[3] "(a) A lawyer shall not represent opposing parties to the same litigation. (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person: (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests." TEX. DISCIPLINARY RULES PRO. CONDUCT, RULE 1.06(A)-(B) (2021).

another." *Sanchez*, 546 F.3d at 333-34 (quoting *Wheat*, 486 U.S. at 160) (internal quotations omitted) (alteration in original); *see also Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978). "Such conflicts may also preclude a defense attorney from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution . . . ." *Sanchez*, 546 F.3d at 334 (quoting *Holloway*, 435 U.S. at 490) (internal quotations omitted) (alteration in original).

On June 16, 2021, Arthur V. Werge ("Werge") entered his appearance as counsel for Defendant Alberto Castillo ("Castillo"). (ECF No. 28-30). The Government asserts that during a telephone conference on that same day, Assistant U.S. Attorney Susanna Martinez indicated that the Government may want to debrief Castillo regarding his potential knowledge about *U.S. v. Victor Gerardo Villegas*, Cause No. EP-19-CR-2126-FM, set for trial in August 2021. (ECF No. 45, p. 2). Werge immediately advised the Government that he was also serving as counsel for the defendant in that matter, Victor Gerardo Villegas ("Villegas"). *Id.* Following this conversation, Werge asserts that he called the Assistant U.S. Attorney assigned to the Villegas case, who confirmed that there is no mention of Castillo on the Villegas case discovery. *Id.* The Government has not disputed this assertion in any filing with the Court.

The Government filed these Motions to advise the Court that "there is a serious potential for conflict of interest to arise with defense counsel's continued representation of defendant Castillo." (ECF 48, p. 5). Specifically, ". . . the government believes that given the familial relationship between the defendant, Alberto Castillo, and a potential government witness,[4] there is the *potential* for a conflict of interest to arise." (ECF 48, p. 6) (emphasis added). The Government also alleges that, in an effort to determine if a conflict existed, Werge or Castillo contacted the

---

[4] The record, as it pertains to the Government's *ex parte* Motions and Defendant's Response, remains sealed. The Court will refrain from identifying this potential government witness.

4

potential government witness.[5] (ECF 48, p. 6). The Government maintains that "[a]lthough there is no evidence, yet, that defendant Castillo is directly connected to defendant Villegas, we know that there is an indirect connection between the two defendants." *Id*.

At the time of the Court's initial consideration of both of the Government's Motions and the Defendant's Response, the evidence indicated that the potential government witness was clearly adverse to Villegas. Significantly, however, the Government at that time did not establish that the potential government witness was aware of any alleged illicit activity by Castillo, nor did it establish that Castillo knew or had any dealings with Villegas and his alleged drug trafficking. Werge noted in his Response that there is no mention of Alberto Castillo in the Villegas discovery (ECF No. 45, p. 2) or in the six-year Government investigation of Villegas (ECF No. 45, p. 3). While the potential government witness's familial relationship to Castillo suggested the possibility of a link between Villegas and Castillo, it was too attenuated and speculative for the Court to conclude even a potential conflict. Thus, the Government's initial filings did not support the conclusion that an actual or potential conflict existed between Castillo and Villegas.

However, in its Supplemental Motion filed on July 23, 2021, the Government includes Attachment A, which was a series of investigation reports from a local law enforcement agency dated 2017 (collectively "Report"). (ECF No. 47-1). According to the Government, "[i]nformation contained in the report suggests that both defendants were previously considered to be co-conspirators in an ongoing drug and cash smuggling scheme" that also involved the potential government witness. (ECF No. 47, p. 1). The Report, prepared by the El Paso County Sheriff's Department from May through August of 2017, details multiple suspected incidents of drug and

---

[5] The Government includes a citation to "Attachment A," which did not clearly establish this fact. *See* ECF No. 48-1, p. 6.

currency smuggling activity, involving both Castillo and Villegas, as well as the potential government witness. (ECF No. 47-1). This new information runs significantly counter to Government's previous evidence that established no link between Castillo and Villegas, save solely for the familial relationship between Castillo and the potential government witness adverse to Villegas. In fact, the new evidence provided in Attachment A of the Government's supplemental motion strongly suggests a history between the two defendants, and one within the context of alleged illicit activity of the same nature alleged against each defendant in their individual criminal cases.

The Court must weigh, then, whether a possible conflict warrants separate counsel. *Vasquez*, 995 F.2d at 42. The Government's assertion that a previous law enforcement investigation characterized Castillo and Villegas as alleged co-conspirators is not inaccurate. In the instant case, this new evidence presented to the court suggests several things. First, there is the *potential*, given their alleged history together, that one of Werge's clients could be a witness against another client. Second, it is possible that concurrent representation of both clients could, in the instant case, compromise counsel's ability to explore plea negotiations should the client choose to. *See Sanchez*, 546 F.3d at 334. The Court is persuaded that there is a potential, and incurable, conflict of interest arising from Werge's representation of both Castillo and Villegas.

Accordingly, the Government has demonstrated that a potential conflict exists that could compromise Werge's obligation to Castillo, and Werge is therefore disqualified from representing the Defendant. Therefore, the Court **RECOMMENDS** that both Motions, the "Government's Ex Parte Motion Regareding [sic] Potential Conflict of Interest of Defense Counsel" and "Government's Motion Regarding Conflict of Interest" be **GRANTED**.

**SIGNED** and **ENTERED** this 29th day of July 2021.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**